## HAZEL ATLAS GLASS CO. v. VAN DYK & REEVES, Inc.

(District Court, E. D. New York. May 22, 1924.)

Corporations ⊂⇒565(1)—Claimant held stockholder, and not creditor with provable claim.

 If defendant corporation owed claimant certain sum, *held*, that indebtedness was canceled by contract and by his acceptance of preferred stock, which defendant was to redeem at par, so that claimant was stockholder, and not creditor with provable claim.

In Equity. Suit by the Hazel Atlas Glass Company against Van Dyk & Reeves, Inc. On motion for order expunging claim filed by Edmond Van Dyk, on ground that he has no provable claim against defendant. Motion granted.

Rosenberg & Ball, of New York City (Godfrey Goldmark, of New York City, of counsel), for receiver.

Hamilton McInnes, of New York City, for claimant.

GARVIN, District Judge. In the usual creditor's action, a receiver was appointed herein. He now moves for an order expunging a claim filed by Edmond Van Dyk on the ground that he has no provable claim against the defendant. There is no dispute of facts. The amended proof of claim asserts a debt existing upon a contract dated July 20, 1922, the material provisions of which are as follows:

The parties thereto are the claimant, the defendant, Benjamin M. Reeves, and Marion R. Ellis. The defendant then owed claimant $45,000, who agreed to defer payment upon condition that defendant should issue its preferred stock, par value $45,000, in claimant's name, to be held in pledge or escrow until July, 1923, or until defendant should redeem the same. No part of the stock has been redeemed, and defendant claims to be unable to redeem any part thereof. The principal creditors of defendant, when they allowed it to become indebted to them, knew of this contract. Claimant asserts the right to present oral testimony to support his claim, which nevertheless he alleges is based upon a written contract.

This contract recites that claimant, Reeves, and Ellis, by agreement dated January 26, 1922, dissolved a copartnership existing between them and agreed to and did form defendant corporation; that it was their intention to transfer to defendant all the copartnership property; that there was issued to said Reeves and Ellis stock of defendant, in consideration of said transfer of property (including claimant's interest therein), to the amount of $45,000; that differences arose as to the meaning and effect of the agreement of January 26, 1922; that said agreement was canceled and terminated by the contract of July 20, 1922; that claimant, Reeves, and Ellis severally and jointly transferred all their interest in said copartnership, and its assets, which copartnership was thereby dissolved; the defendant assumed all the obligations of the copartnership, except obligations to the copartners or between them; that defendant, Reeves, and Ellis agreed to cause to be issued or transferred to claimant preferred stock of defendant of the par value of $45,000; that certain dividends would be paid; that

defendant would redeem the preferred stock, to be issued or transferred to claimant at par, on or before January 1, 1932, or sooner, if it should so desire. Reeves and Ellis agreed to take said stock at par, if the defendant could not so do. Other provisions, immaterial to the question involved, follow.

The court is of the opinion that, if the defendant owed claimant $45,000, or any sum, the indebtedness was canceled by the contract and by his acceptance of the preferred stock; he being a party to the contract. Thus he is a stockholder, not a creditor.

Motion granted.